Filed 4/28/16  P. v. Brentlinger CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE BRENTLINGER,<br><br>Defendant and Appellant. | H042212<br>(Santa Clara County<br>Super. Ct. No. CC507803) |

Defendant David Lee Brentlinger filed a petition in which he sought to reduce his felony convictions for a 1980 assault with a deadly weapon (Pen. Code, § 245, subd. (a))[1] and a 1993 petty theft with a prior conviction (§ 666) to misdemeanors.  The trial court denied the petition as to the assault conviction, but failed to rule on the petty theft with a prior conviction.  We remand the matter to the trial court for consideration of defendant's petition as to his petty theft with a prior conviction.

---

[1]     All statutory references are to the Penal Code.

## I. Discussion

Defendant contends, and the Attorney General concedes, that the trial court erred when it failed to either grant or deny his petition for recall of his sentence as to his petty theft with a prior conviction.[2]

The Safe Neighborhoods and Schools Act (Proposition 47, as approved by the voters, Gen Elec. (Nov. 4, 2014)) added section 1170.18, which became effective on November 5, 2014. Among other things, Proposition 47 reduced certain theft and drug possession felonies. (§ 1170.18, subd. (a).) It also created a resentencing provision by which a person serving a felony sentence for an offense that is now a misdemeanor may petition for recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47. (§ 1170.18, subd. (a).)

Section 1170.18 provides in relevant part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) Section 1170.18, subdivision (b) provides that a court that receives such a petition shall resentence the petitioner "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Here, defendant filed a petition in which he requested that two offenses be reduced from felonies to misdemeanors: assault with a deadly weapon and petty theft with priors.

---

[2] Defendant does not challenge the trial court's order denying relief as to his 1980 assault with a deadly weapon conviction.

The trial court issued an order: "On 2/9/2015, Defendant David Brentlinger submitted a petition seeking resentencing of his felony conviction under Penal Code §245(a)(1) (assault with a deadly weapon). [¶] Defendant is not eligible for the requested relief because only certain theft and simple drug possession charges are affected by the resentencing provisions of Penal Code §1170.18(a)-(b). To be eligible, a conviction must be one that would have been a misdemeanor if the newly added or amended sections 11350, 11357 and 11377 of the Health & Safety Code and sections 459a, 473, 476a, 490.2, 496, and 666 of the Penal Code had been in effect at the time the offense was committed. (See Penal Code §1170.18(a).) None of those sections authorize misdemeanor treatment of the convictions in this case. [¶] For the foregoing reasons, the petition is DENIED."

Under section 1170.18, subdivision (a), petty theft with a prior conviction (§ 666) is an enumerated offense which is eligible for reduction to a misdemeanor under Proposition 47. Since the trial court failed to rule on the section 666 conviction, the matter must be remanded.

## II. Disposition

The order is reversed and the matter is remanded to the trial court for consideration of the petition as to defendant's section 666 conviction.

_____
Mihara, J.

WE CONCUR:


_____
Elia, Acting P. J.


_____
Bamattre-Manoukian, J.


*People v. Brentlinger*
H042212

4